IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BERNARD WIGLEY, #94312**                                                                 **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 1:15-cv-86-JCG**

**MARSHAL TURNER and**
**JACQULINO LEVERAYLE**                                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

BEFORE THE COURT is a Motion for Summary Judgment (ECF No. 23) filed by Defendants Marshal Turner and Jacqueline Leverette (who is incorrectly identified in Plaintiff's Complaint as Jacqulino Leverayle) on September 17, 2015. Plaintiff Bernard Wigley filed a Response in Opposition (ECF No. 25) on October 8, 2015. Having reviewed the submissions of the parties and the relevant law, the Court finds that Defendants' Motion for Summary Judgment (ECF No. 23) should be GRANTED. Additionally, Wigley should be assessed a strike under 28 U.S.C. § 1915(g) because he has failed to state a cognizable claim. This will be his first strike.

## I. BACKGROUND

Bernard Wigley is an inmate currently incarcerated with the Mississippi Department of Corrections (MDOC) at Southern Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi. He filed suit on March 18, 2015 and proceeds both *pro se* and *in forma pauperis*. Alleging that Defendants violated his rights provided by the United States Constitution, his Complaint seeks monetary

damages pursuant to 42 U.S.C. § 1983. An omnibus hearing[1] was held on September 9, 2015, during which all parties consented to the undersigned's jurisdiction over this case. (ECF No. 21); (ECF No. 22).

Wigley's Complaint, which he amended on May 21, 2015[2] and again on September 9, 2015,[3] makes three claims: (1) Defendants failed to follow MDOC policy in issuing him a Rule Violation Report (RVR) for possession of a 10-inch shank, (2) he was placed in "the hole" for six months as punishment for the RVR he never should have received, and (3) Defendants threatened him with harm for pursuing the instant suit. (ECF No. 1); (ECF No. 6). Wigley asserts that Defendants failed to follow MDOC policy by conducting a "shakedown of [his] personal property" without him present and by presenting "no evidence" to substantiate the RVR he received for the shank. (ECF No. 1, at 4-5). Wigley testified at his omnibus hearing that he was sent to "the hole" because of the RVR he received for the shank. The hole, explained Wigley, is not solitary confinement as the nickname might imply, but rather a one-hundred-man zone in the A Building at SMCI. The building is close custody and, according to Wigley, it is filled with the most dangerous inmates. Although Wigley said that bad things happen to people without gang affiliations in the hole, he said that nothing happened to him while he was in the hole. However, he lost his canteen and visiting privileges during the first two months that he spent

---

[1] The omnibus hearing operated as a screening hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).
[2] Wigley's May 21, 2015 filing, entitled "Motion for Dismissal" (ECF No. 6), was construed by District Judge Ozerden as a Motion for Leave to Amend Complaint. *See* (ECF No. 7). Judge Ozerden granted the amendment.
[3] Wigley supplemented the allegations in his Complaint while testifying at his omnibus hearing.

in the hole. Wigley offered no factual allegations or evidence to support his retaliation claim.

Wigley testified at his omnibus hearing that he is suing Ms. Leverette because she was the officer who presided over his shank-related RVR hearing and she never told him about the hearing, so she never gave him an opportunity to sign the RVR. Further, Wigley testified that he is suing Mr. Turner because Mr. Turner heard Wigley's RVR appeal via the Administrative Remedy Program (ARP) and denied his appeal.

Defendants Leverette and Turner filed the instant Motion for Summary Judgment, seeking dismissal of all of Wigley's claims. Defendants argue that Wigley's claims fail to state a cognizable claim: (1) "Plaintiff has no protected liberty interest in his security classification, and has no right to facility privileges," and (2) "the mere failure of a prison official to follow the prison's own regulation or policy does not amount to a constitutional violation." (ECF No. 24, at 3-4). Wigley responds that "there are genuine issues of material facts to be resolved" and that "the Defendants failed to acknowledge the state policy and procedure." (ECF No. 25, at 1).

## II. DISCUSSION

A. Legal Standards

   a. Summary Judgment

Summary Judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's

case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment, the Court must construe "all facts and inferences in the light most favorable to the non-moving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which they believe demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323-25. If the movant carries this burden, the burden shifts to the non-moving party to show that summary judgment should not be granted. *Id.* at 324-25.

The Plaintiff may not rest upon mere allegations in his Complaint, but must set forth specific facts showing the existence of a genuine issue for trial. *Abarca v. Metro Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). In the absence of any proof, the Court will not assume that Plaintiff "could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

    b. <u>Prison Litigation Reform Act</u>

Because Plaintiff is a prisoner pursuing a civil action seeking redress from government employees, the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the United States Code), applies and requires that this case be screened.

The PLRA provides that "the Court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see* 28 U.S.C. § 1915(e)(2)(B). Accordingly, the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

If a prisoner is proceeding *in forma pauperis*, and his complaint is dismissed on grounds that it is frivolous, malicious, or fails to state a claim, the prisoner may be assessed a strike. 28 U.S.C. § 1915(g). If a prisoner receives three strikes, he may no longer proceed *in forma pauperis* in a civil suit unless he is in imminent danger of serious physical injury. *Id.*

  c. <u>42 U.S.C. § 1983 and Fourteenth Amendment Due Process</u>

42 U.S.C. § 1983 prohibits the deprivation of any individual's constitutional rights under color of state law and provides for both monetary and injunctive relief. To articulate a claim under § 1983 that alleges the violation of procedural due process, an inmate must first establish that he enjoyed a protectable liberty interest. *Kentucky Dept. of Corr. v. Thompson,* 490 U.S. 454, 460 (1989).

"[V]iolations of prison rules do not alone rise to the level of constitutional violations and, therefore, such claims are not actionable under § 1983." *Scheidel v.*

*Sec'y of Pub. Safety & Corr.*, 561 F. App'x 426, 427 (5th Cir. 2014) (citing *Hernandez v. Estelle,* 788 F.2d 1154, 1158 (5th Cir. 1986)).

A prisoner has no protectable liberty interest in his initial classification by prison officials, based upon his criminal history before incarceration. *Wilkerson v. Stadler,* 329 F.3d 431, 435-36 (5th Cir. 2003). However, confinement for violations of prison disciplinary rules may create a Fourteenth Amendment liberty interest. *Id.* A prisoner's liberty interest is "generally limited to freedom from restraint, which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 483-84 (1995). Applying this standard, the Fifth Circuit has consistently concluded that "administrative segregation without more, does not constitute a deprivation of a constitutionally cognizable liberty interest." *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995); *see Wilkerson v. Goodwin,* 774 F.3d 845, 853 (5th Cir. 2014).

B. <u>Analysis</u>

Wigley's first two claims – that his RVR was issued in violation of MDOC policy and that as a result, he unlawfully lost privileges and was placed in close custody in A Building – fail as a matter of law. A prison official's failure to follow prison policy does not alone rise to the level of a constitutional violation. *Scheidel*, 561 F. App'x at 427. As to his punitive confinement, "[t]he limitations on privileges in close custody as compared with the general population do not impose atypical

6

and significant hardships as contemplated by *Sandin*." *Hurns v. Parker*, 165 F.3d 24 (5th Cir. 1998) (unpublished table decision); *see Chapman v. Scott*, 232 F.3d 208 (5th Cir. 2000) (unpublished table decision). Even if his two month loss of canteen and visitation was in addition to (as opposed to simply part of) the close custody classification, this loss of privileges was similarly not an atypical and significant hardship "in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. 472, 484; *cf. Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) ("[T]hirty-day loss of commissary privileges and cell restrictions do not implicate due process concerns."); *Madison v. Parker,* 104 F.3d 765, 767-68 (5th Cir. 1997) (30-day commissary and cell restrictions were "merely changes in the conditions of . . . confinement and do not implicate due process concerns."). The lack of atypical and significant hardship suffered by Wigley is further corroborated by his statement at his omnibus hearing that nothing bad happened to him while he was in A Building. Wigley's allegations, taken as true, do not assert a constitutional violation.

Turning to Wigley's retaliation claim, the law is clearly established in this circuit that "a prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct." *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). However, prisoner claims of retaliation must be "carefully scrutinized" and "regarded with skepticism." *Id.* at 1166. "To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident … would not

have occurred." *Id*. Wigley does not allege that the RVR and discipline he has already received were in retaliation. Rather, he asserts that he has received threats in retaliation for filing the instant suit. These bald assertions are nothing more than "[m]ere conclusionary allegations of retaliation[, which] will not withstand a summary judgment challenge." *Id*. Wigley's retaliation claim must therefore be dismissed.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 23) is **GRANTED** and Plaintiff's claims are dismissed with prejudice. Because Plaintiff has failed to state a cognizable claim, he will be assessed a strike under 28 U.S.C. § 1915(g).

**SO ORDERED**, this the 16th day of September, 2016.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE